AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Missouri

**FILED**

**JUN 2 5 2018**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

|  |  |
|---|---|
| In the Matter of the Search of<br>A Samsung-brand cellular phone (model number SM-G920A, IMEI #:<br>3577430608423464) associated with phone number ▮▮▮▮ and<br>operated by Chris Myers for the purpose of searching for evidence of<br>violations of 18 U.S.C. § 241 and 242 related to the protests in downtown St.<br>Louis from September 15 through September 17, 2017. | ) ) ) ) ) ) ) |

Case No. 4:18 MJ 1166 JMB

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____EASTERN_____ District of _____MISSOURI_____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT A

**YOU ARE COMMANDED** to execute this warrant on or before _____July 9, 2018_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____United States Magistrate Judge John M. Bodenhausen_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     6/25/18 9:05pm                    [signature]
                                                            *Judge's signature*

City and state:     St. Louis, MO                    Honorable John M. Bodenhausen, U.S. Magistrate Judge
                                                        *Printed name and title*

## ATTACHMENT A

### Property to Be Seized and Searched

**Section I**

A Samsung-brand cellular phone (model number SM-G920A, IMEI #: 3577430608423464) associated with phone number ▮▮▮▮▮▮▮▮ and operated by **Chris Myers** for the purpose of searching for evidence of violations of 18 U.S.C. § 241 and 242 related to the protests in downtown St. Louis from September 15 through September 17, 2017.

**Section II**

1. Any and all information on the cellular phone, from September 15, 2017, through the time of the execution of this warrant that may be deemed instrumentalities, fruits, or evidence of the aforementioned crimes:

   (A) Call Logs showing numbers called and received, to include deleted logs;

   (B) Text message records, including the content of messages as well as any logs showing text messages sent and received, to include deleted information;

   (C) Any and all documents, notes, and records, including e-mail correspondence in whatever form, including digital, relating to the matters set forth in the attached Affidavit, to include deleted information;

   (D) Any and all documents, notes, and records relating to the ownership and usage of the cell phone being searched;

   (E) Photographs, videos, and other forms of media documenting the events that are the subject of this warrant.

   (F) Any and all contact lists, address books, in whatever form regarding coconspirator contact information, to include deleted information.

2. Any and all records on the cellular phone that may constitute evidence of crimes, wrongs, or other acts that may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, or that may be admissible for any other purpose pursuant to Fed. R. Evid. 404(b).

**Section III**

During the execution of the search of the Subject Device described in Section I, above, if law enforcement personnel identify the Subject Device as an Apple iPhone, they are authorized

to press the fingers (including thumbs) of Christopher Myers to the Touch ID sensor of the Subject Device for the purpose of attempting to unlock the device via Touch ID in order to search the contents as authorized by this warrant.

AO 106 (Rev. 06/09) Application for a Search Warrant

## UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

**FILED**

JUN 25 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

In the Matter of the Search of

A Samsung-brand cellular phone (model number SM-G920A, IMEI #: 3577430608423464) associated with phone number ▮▮▮▮▮ and operated by Chris Myers for the purpose of searching for evidence of violations of 18 U.S.C. § 241 and 242 related to the protests in downtown St. Louis from September 15 through September 17, 2017.

Case No.     4:18 MJ 1166 JMB

### APPLICATION FOR A SEARCH WARRANT

I, _____Darren Boehlje_____, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

SEE ATTACHMENT A

located in the _____EASTERN_____ District of _____MISSOURI_____, there is now concealed

SEE ATTACHMENT A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC § 241 | Conspiracy Against Rights |
| 18 USC § 242 | Deprivation of Rights Under Color of Law |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Daren Boehlje, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____June 25, 2018_____

*Judge's signature*

City and state: St. Louis, MO

Honorable John M. Bodenhausen, U.S. Magistrate Judge
*Printed name and title*

AUSA:  Jennifer A. Winfield

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, Special Agent Darren Boehlje, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant to search for

and seize instrumentalities and evidence of violations of Title 18 United States Code (U.S.C.) §§

241 and 242, among others, belonging to **Chris Myers**, an officer with the St. Louis Police

Department (SLMPD). The item that is the subject of the search applied for in this affidavit (the

Subject Device) is a Samsung-brand cellular phone (model number SM-G920A, IMEI #:

3577430608423464) associated with phone number ▮▮▮▮▮▮ and operated by and believed

to be currently in the possession of Chris Myers. This cellular phone is sought for the purpose of

searching it for evidence of violations of 18 U.S.C. § 241 and 242 related to the protests in

downtown St. Louis from September 15 through September 17, 2017. There is probable cause to

believe that evidence of these violations will be found in the cellular phone that is the subject of

the search and seizure warrant applied for in this affidavit and more specifically described in

Section I of Attachment A.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have

been so employed since 2011. I am presently assigned to the St. Louis Division of the FBI. My

responsibilities include the investigation of federal crimes to include violations of Title 18 United

States Code (U.S.C.) § 242 (Deprivation of Rights). I am currently assigned to investigate

allegations of unreasonable force under color of law. I received over twenty-one weeks of

specialized law enforcement training at the FBI Academy in Quantico, Virginia. My experience

obtained as a Special Agent of the FBI has included investigations of multiple violations of federal

criminal civil rights laws. I know cellular telephones are commonly used by law enforcement

officers to communicate about arrests they have just made. Cellular telephones are also used by

officers suspected of using unreasonable or excessive force to communicate with one another,

attempting to justify their actions or keep their actions hidden. Likewise, cellular phones are often

used by such subjects to brag about or apologize for their actions. These cellular telephones and

their respective cellular telephone service providers possess the capability to store and transmit

data thereby aiding in determining the general location of a cellular telephone.

       3.      The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set

forth all of my knowledge about this matter.

       4.      Based on my training and experience and the facts as set forth in this affidavit, there

is probable cause to believe that violations of inter alia, 18 U.S.C. §§ 241 (Conspiracy Against

Rights) and 242 (Deprivation of Rights) have been committed by SLMPD Officer Chris Myers

and other SLMPD officers. There is also probable cause to search the information described in

Section I of Attachment A for evidence of these crimes and contraband or fruits of these crimes,

as described in Section II of Attachment A.

## PROBABLE CAUSE

       1.      Following the acquittal on September 15, 2017 of former SLMPD Officer Jason

Stockley on a murder charge stemming from an officer-involved shooting, there were multiple

days of concentrated protesting in and around St. Louis. SLMPD Officer Luther Hall, an African-

American, 22-year veteran officer of SLMPD, was assigned to attend the protests and work in an

undercover capacity, documenting protest activity and property destruction. After working for two

days at the protests, Hall returned to his assignment at approximately 7:00 PM on September 17,

2017, to record protest activity. Hall and his partner, who was also undercover, were together until

2

just after 8:00 PM, when they ran in separate directions after unidentified SLMPD officers fired

numerous rounds of pepper balls, mace, and bean bag rounds into the crowd from their vehicles.

Hall never heard an order to disperse prior to SLPMD's deployment of these devices.

2.      While Hall was at the intersection of 14th St. and Olive St., SLMPD SUVs pulled

up, and officers in tactical gear got out. A female officer told Hall to get to the ground. Hall raised

his hands in surrender, his camera (a Nikon DSLR) in his left hand and his cell phone in his right

hand, actively recording. Hall was wearing a shirt that he wore specifically for this undercover

activity, short and tight enough to show his weapon-less waistband when he raised his arms. As

he was complying and getting to his knees, Hall felt himself being picked up from behind and then

slammed to the ground face first. He was again picked up and slammed to the ground face first.

As a result, Hall's face felt sticky and warm, which later turned out to be blood gushing from his

nose and lip. While on the ground, officers repeatedly punched Hall with closed fists, hit him with

sticks, and kicked him while wearing boots. Hall's hands were out in front of him on the ground.

Although the officers were telling him to put his hands behind his back, he was unable to do so

because officers were standing on his arms. Hall described it as a "free for all."

3.      SLMPD officers ultimately placed Hall's hands behind his back, handcuffed him,

and sat him up on the pavement next to a black male in custody who had an abrasion on his face

and was wearing a Patriots shirt. While seated on the pavement, Hall felt pain in his back and neck

and could see his nose was bleeding. In order to relieve some of his back pain, Hall leaned back,

but each time he did so, the officer standing behind him, whom Hall possibly identified as Officer

3

Randy Hays, "checked" Hall in the back with his knee and shin-guard, telling him to "stop fucking moving."

4.     An SLMPD officer then removed the camera hanging around Hall's neck, removed the battery from the camera, and threw the camera onto the pavement, breaking it. Hall believes the officer removed the battery thinking the battery was the memory card. Hall also saw his cell phone on the ground with a circular imprint on the shattered screen. Hall believes the imprint was made by an officer's baton.

5.     Hall did not want to reveal his true identity and instead looked around for someone he knew for help. He made eye contact with Civil Disobedience Team ███████████████ with whom he was familiar. ███████████ enlisted the assistance of two SLMPD SWAT officers who then picked up Hall and took him to an SLMPD Bear vehicle, where Hall was provided medical treatment. ██████████████████████████ arrived and arranged for Hall to be transported from the scene in a police vehicle, as if he were being arrested in order to maintain Hall's undercover status. Hall was transported to SLMPD Headquarters where he reported to ███████████████ that the officers "beat the fuck out of him like Rodney King." Hall then went to a temporary medical facility that the Missouri State Highway Patrol ("MSHP") had staged for police officers so that he could receive additional treatment.

6.     Hall suffered significant injuries as a result of the assault. At the MSHP facility, he received three layers of stiches on his lip where there was an approximately one centimeter hole. His has since been diagnosed with multiple herniated discs. An injury to his jaw made it difficult for Hall to eat, and he subsequently lost approximately 15 pounds. He also recently had

gallbladder surgery, which, according to Hall's doctors, may have been precipitated by the stress of the assault.

7.      SLMPD Internal Affairs Division investigator ▆▆▆▆▆ interviewed Luther Hall on October 25, 2017. In that interview, Hall identified four officers as having been at the scene of his assault: Officers Bailey Colletta, Randy Hays, Dustin Boone, and Chris Myers, the officer whose cellular phone is the subject of this affidavit. Additionally, FBI Special Agents Darren Boehlje, your affiant, and Jennifer Lynch, interviewed ▆▆▆▆▆ on December 20, 2017. ▆▆▆▆▆ stated that on September 18, 2017, at SLMPD's staging area for the protest response teams, he announced that anyone who was involved in an arrest the night before at 14th St. and Olive St. should come see him. Officers Randy Hays, Dustin Boone, ▆▆▆▆▆, and Chris Myers came to ▆▆▆▆▆, identifying themselves as having been involved in the arrest of Luther Hall.

8.      On Sunday, September 25, 2017, at 9:04 a.m., Hall received a text message from the phone number ▆▆▆▆▆, the cellular number associated with Officer Dustin Boone. Hall provided a copy of the text message to federal authorities. The message states the following:

> "Luther, this is Dustin Boone. I am sure you know by now that I was involved in
> the incident last Sunday downtown. I have attempted to reach out to you through a
> few different commanders and I have been told to hold off. I have not heard much
> from anyone in regard to you receiving the message I wanted to be conveyed to you
> so I decided to text you myself today. I feel like an apology will never be enough
> but I would really like to speak to you in person so I can apologize face to face as
> a man and not through a text message. I completely understand if you are not willing
> to meet with me and if that is the case, I would ask if you are willing to accept a

5

phone call from me once you are healthy and feel the timing is right. Again, I would much rather tell you I am sorry while standing in front of you than over the telephone, but understand your side of all of this as well. Please let me know and if you are willing I will be available at any point in time. I hope you are healing both physically and mentally. I can't imagine what you have go through this past week. I hope you will allow me the opportunity to tell you I am sorry in person, it won't make it right but I feel it is the least I can do. I hope to talk to you soon Luther. Get well."

9. On December 22, 2017, the *St. Louis American*, a newspaper, published an article titled, "Chief O'Toole Promotes White St. Louis Officer Who Allegedly Beat Black Undercover Cop during Stockley Verdict Protest Mass Arrest." That article named SLMPD Officers Dustin Boone, Randy Hays, and Joseph Marcantano, as part of the federal investigation into Hall's assault.

10. On January 2, 2018, a federal search warrant was authorized by the Honorable Patricia L. Cohen in Case Number 4:18MJ6003 PLC, for the Apple, Inc. account associated with cellular phone number ████████, belonging to Dustin Boone. A review of the Apple, Inc. files produced for Dustin Boone revealed numerous text messages between Officer Boone and other officers, including Chris Myers, concerning the aforementioned protest and assault on Luther Hall.

For example, on September 27, 2017, ten days after the assault, Boone and Myers exchanged text messages:

> **Boone:** Heard some POSITIVE stuff about the whole Luther deal...... so that's good. I'll tell ya in person.
> **Myers:** Awesome I'll catch up with you before we leave
> **Boone:** In the basement at station

6

Two days later, on September 29, 2017, Boone and Myers exchanged the following text messages:

> **Myers**: U good?
>
> **Boone**: Yeah, I was doin some recon about the situation! I'll tell u about it when we aren't around 8547 cops! Nothing terrible....
>
> **Myers**: Cool, nah I just saw u talking to ████ and ████ wanted to make sure ur cool bro, we will talk later.

On October 31, 2017, Boone and Myers exchanged the following text messages:

> **Boone**: ████ and I r out looking for shit in fountain park. He just got a call at the station from internal affairs tho so we r pulling over so he can make a call back.
>
> Kinda makes me nervous!
>
> **Myers**: Right! let me know what you can make out from it...
>
> **Boone**: I will. Where r y'all at?
>
> **Myers**: On kingshighway heading ur way
>
> **Myers**: We r on Euclid between page and dr king
>
> **Boone**: On the road again. Nothing concerning us.

The Apple, Inc. data produced for Dustin Boone reveal other text messages between Officers Boone and Myers concerning the protest and the assault of Luther Hall not specifically recounted here.

11.     On May 31, 2018, a federal search warrant was authorized by the Honorable John M. Bodenhausen in Case Number 4:18MJ1149 JMB, for the seizure of the cellular phone associated with cellular phone number ████████, belonging to Dustin Boone.

12.     During the morning of June 5, 2018, FBI Special Agent Darren Boehlje, your affiant, and Special Agent Robert Polanco approached Officer Dustin Boone regarding the instant investigation. Agents presented Officer Boone with a target letter to advise Boone that based upon

this investigation it appears that he has criminal culpability in connection with the aforementioned incident.

  13. Following contact with Officer Boone on June 5, 2018, investigators analyzed Pen Register Data for Officer Boone's phone number ███████ ) from that day. The analysis revealed that on June 5, 2018, at 10:21 AM, Officer Boone received a text message from Officer Chris Myers phone number ██████ to which he responded immediately. Officer Myers then replied with a text message at 10:22 AM. Officer Myers texted Officer Boone at 1:31 PM to which Officer Boone responded immediately. Officer Boone then received another text from Officer Myers at 2:09 PM, to which Officer Boone did not respond. At 4:39 PM, Officer Boone received two incoming calls from Officer Myers. Officer Boone answered the second call and spoke to Officer Myers for approximately 4:39 minutes. At 8:01 PM, Officer Myers sent Officer Boone two text messages, and both went unanswered by Officer Boone.

  14. On June 6, 2018, FBI Special Agent Darren Boehlje, your affiant, and Special Agent Robert Polanco approached Officer Boone to execute the May 31, 2018 warrant and seized Officer Boone's cellular phone associated with the aforementioned phone number. On that same date, Officer Myers called Officer Boone four times in a row (10:30 AM, 10:31 AM, 10:41 AM, and 10:42 AM).

  15. Upon a review of Boone's cellular phone, the saved contact name associated with phone number ██████ is the name Chris Meyers. Also, subscriber information from AT&T for phone number ██████ revealed that the subscriber name listed on the account for phone number ██████ is Christopher Myers.

  16. Based upon my training and experience, the training and experience of other investigators with whom I have communicated, and police reports I have reviewed, electronic

8

communication devices (cell phones, PDAs, computers, etc.) were and are still possessed by police

officers involved in the protests in downtown St. Louis from September 15 through September 17,

2017. Additionally, according to interviews of Luther Hall and other law enforcement witnesses,

as well as a review of the Apple, Inc. and Pen Register data for Dustin Boone, there have been

ongoing conversations via text message and cellular phone between various police officers,

including but not limited to Officers Chris Myers and Dustin Boone regarding the aforementioned

protest and the assault of Luther Hall.

## TECHNICAL CONSIDERATIONS

1.      Based on my knowledge, training, and experience, as well as the experience of

agents and investigators with specialized training involving cellular telephones and digital

evidence, I know that cellular telephones create and keep log files associated with calls and text

messages sent from and received by the device.

2.      The FBI employs personnel with specialized knowledge, training and experience

relating to computer and digital evidence, including evidence located on cell phones. Based on my

knowledge, training and experience, and the knowledge, training and experience of law

enforcement personnel involved in computer and digital forensics, I am aware of the following

factors and considerations that may be pertinent:

   a. Wireless telephones: A wireless telephone (or mobile telephone, or cellular

      telephone) is a handheld wireless device used primarily for voice communication

      through radio signals. These telephones send signals through networks of

      transmitter/receivers, enabling communication with other wireless telephones or

      traditional "land line" telephones. A wireless telephone usually contains a "call log"

      which records the telephone number, date, and time of calls made to and from the

      phone.

9

b. In addition to enabling voice communications, wireless telephones now offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

c. Electronic devices, such as cell phones, can store information for long periods of time. This information can sometimes be recovered from the device using forensic examination tools.

3. This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described herein, but also forensic evidence that establishes how the cell phone was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device, to include the text messages listed above and other related messages. Cell phones typically keep log files of calls and messages received and made from the device. These log files include the phone numbers called and received. The log files can stay on the device for long periods of time.

4. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. Specifically, there is reason to believe, based on

10

the way that data is stored on cellular phones, that the incriminating text messages and contact history identified from the Apple, Inc. and Pen Register data described above related to Chris Myers will also be contained on Chris Myers's cellular phone itself, which would provide additional user attribution for the Apple, Inc. above-described data.

5.  Additionally, based on my training and experience, I know that those who have committed crimes often delete incriminating evidence from their phones. Thus, obtaining Chris Myers's phone and comparing its contents to the content of Dustin Boone's Apple, Inc. account, or otherwise forensically examining content deleted from the phone, may produce evidence of Myers's consciousness of guilt and evidence of efforts to obstruct the law enforcement investigation into the assault of Luther Hall.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

1.  I anticipate executing this warrant pursuant Rule 41 (e)(2)(B), which would permit the examination of the device consistent with the warrant. Upon receipt of the information described in Section I of Attachment A, government-authorized persons will review that information to locate the items described in Section II of Attachment A. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by this warrant.

## CONCLUSION

1.  Based on the forgoing, I request that the Court issue the proposed search warrant.

2.  This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. Because the cellular phone in question is likely in the custody of Chris Myers, FBI agents will first identify a time when Myers is in a public place. Thereafter, agents will attempt to confirm that Myers is in possession of the Subject Device. Thereafter, agents will serve the warrant and seize the Subject Device.

4. The foregoing has been reviewed by Reginald Harris, Executive Assistant United States Attorney, U.S. Attorney's Office, Eastern District of Missouri and Fara Gold, Special Litigation Counsel, Criminal Section, Civil Rights Division, U.S. Department of Justice.

## REQUEST FOR SEALING

1. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

DARREN BOEHLJE
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on the __25th__ day of June 2018.

HONORABLE JOHN M. BODENHAUSEN
United States Magistrate Judge

12

## ATTACHMENT A

### Property to Be Seized and Searched

**Section I**

A Samsung-brand cellular phone (model number SM-G920A, IMEI #: 3577430608423464) associated with phone number ▮▮▮▮▮ and operated by **Chris Myers** for the purpose of searching for evidence of violations of 18 U.S.C. § 241 and 242 related to the protests in downtown St. Louis from September 15 through September 17, 2017.

**Section II**

1. Any and all information on the cellular phone, from September 15, 2017, through the time of the execution of this warrant that may be deemed instrumentalities, fruits, or evidence of the aforementioned crimes:

   (A) Call Logs showing numbers called and received, to include deleted logs;

   (B) Text message records, including the content of messages as well as any logs showing text messages sent and received, to include deleted information;

   (C) Any and all documents, notes, and records, including e-mail correspondence in whatever form, including digital, relating to the matters set forth in the attached Affidavit, to include deleted information;

   (D) Any and all documents, notes, and records relating to the ownership and usage of the cell phone being searched;

   (E) Photographs, videos, and other forms of media documenting the events that are the subject of this warrant.

   (F) Any and all contact lists, address books, in whatever form regarding coconspirator contact information, to include deleted information.

2. Any and all records on the cellular phone that may constitute evidence of crimes, wrongs, or other acts that may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, or that may be admissible for any other purpose pursuant to Fed. R. Evid. 404(b).

**Section III**

During the execution of the search of the Subject Device described in Section I, above, if law enforcement personnel identify the Subject Device as an Apple iPhone, they are authorized

to press the fingers (including thumbs) of Christopher Myers to the Touch ID sensor of the Subject Device for the purpose of attempting to unlock the device via Touch ID in order to search the contents as authorized by this warrant.